FRANCES T. BROWN, Appellant, v. ALONZO BLACKMAN and ALONZO BLACKMAN, as Executor of the Last Will, etc., of LESTER BLACKMAN, Deceased, Respondent.

*Circumstances that will establish a gift by a testator in his lifetime.*

In an equitable action brought to establish plaintiff's title to a bond and mortgage in the custody of the defendant, it appeared that the father of both the plaintiff and defendant devised his farm to his son, the defendant, the executor named in the will, charged with a legacy of $2,000, to be paid by the defendant to his daughter, the plaintiff. The will further provided that the defendant should take the legacy of $2,000, as trustee, for the use and benefit of the plaintiff, and pay it to her in his discretion, the trust to continue during her life, and in case she should die childless, such legacy, or so much thereof as remained in the trustee's hands, should then pass into the residuum of the estate, which was devised absolutely to the defendant.

About a year and a half after the execution of the will, the testator purchased a $2,000 bond and mortgage, and caused the assignment thereof to be made to the plaintiff. Prior to making the purchase he arranged with the mortgagor that the mortgage should be allowed to stand for a time at four per cent interest, and then stated to him that he wanted to take it up and have it run a spell for the plaintiff; that his sons had something, and that he wanted the plaintiff to have something. The testator put the assignment upon record, and at that time he placed the bond and mortgage and the assignment in the custody of the defendant to keep them under the trust created by his will, and directed that after his death the plaintiff was to have the interest.

Thereafter, at the request of the testator, the plaintiff executed and delivered to him a writing as follows: "Received of Lester Blackman the sum of $2,000 (two thousand dollars), in full of a legacy and bequest to me in his last will and testament of that amount, and in consideration of the receipt of such money all claims to such legacy and bequest is hereby released. Dated October 13th, 1883, Frances Blackman."

The bond, mortgage and assignment remained under the control of the defendant from the time they were placed there until the time of the trial. On October 29, 1883, a year's interest on the mortgage was paid to plaintiff, for which she gave her receipt, and annually thereafter, until her father's death, in January, 1887, interest was paid to and receipted for by her.

It also appeared that the testator, after the recording of the assignment, told the plaintiff that she would not have the mortgage unless she had children, but it did not appear when this statement was made.

On appeal from a judgment dismissing the plaintiff's complaint,

*Held,* whatever the testator's intentions were when he took the assignment and had it recorded, that at the time he took the receipt the testator agreed with the plaintiff that thenceforth the bond and mortgage standing in her name on the records should be deemed absolutely hers.

APPEAL by the plaintiff, Frances T. Brown, from a judgment of the Supreme Court in favor of the defendants, rendered at the Chenango Special Term dismissing the plaintiff's complaint, and entered in the office of the clerk of the county of Chenango on the 3d day of July, 1891.

This action was brought in equity to establish plaintiff's title to a certain bond and mortgage now in the custody of the defendant, and for a decree requiring him to deliver it to the plaintiff, and account to her for such sums as he had received thereon.

The defendant claimed to hold the same as a trustee for the benefit of the plaintiff under a trust created by the last will and testament of Lester Blackman, deceased. The Special Term rendered a judgment dismissing the plaintiff's complaint with costs, and from such judgment this appeal is taken.

*John W. Church,* for the appellant.

*James H. Throop,* for the respondent.

PARKER, J.:

Lester Blackman devised his farm to his son, Alonzo Blackman, charged with a legacy of $2,000 to be paid by Alonzo Blackman to the testator's daughter Frances, who is the plaintiff in this action. Such will further provided that Alonzo should take the legacy of $2,000 as a trustee for the use and benefit of the plaintiff, and pay it to her in his discretion, the trust to continue during her life. Another clause of the will provided that in case she should die childless, such legacy, or so much thereof as remained in the trustee's

hands, should then pass into the residuum of his estate, which by the residuary clause of the will was given to Alonzo absolutely.

About a year and one-half after the execution of such will, the testator purchased from the owner thereof a $2,000 bond and mortgage against Noah Wightman and others, and caused the assignment thereof to be made to his daughter Frances, and in her name as the assignee thereof. Prior to making the purchase, he arranged with the mortgagor Wightman that the mortgage should be allowed to stand for a time at four per cent interest, and then stated to him that he wanted to take it up and have it run a spell for his daughter Frances; that his boys had something, and he wanted Frances to have something.

Upon the assignment of such mortgage being executed, which was November 11, 1882, he directed it to be put on record in the county clerk's office where the mortgage was recorded. Thus the mortgage stood upon the record as apparently the property of the daughter Frances. At the time of putting it upon record, however, he placed the bond and mortgage, and also the assignment, in the custody of his son Alonzo, to keep them under the trust created by his will, and at the same time he directed that after he was dead, his daughter Frances was to have the interest.

Subsequently the daughter Frances, at the request of the testator, executed and delivered to him a writing, of which the following is a copy:

"Received of Lester Blackman the sum of $2,000, two thousand dollars, in full of a legacy and bequest to me in his last will and testament of that amount, and in consideration of the receipt of such money all claim to such legacy and bequest is hereby released.

"Dated October 13th, 1883.

                                   "FRANCES BLACKMAN."

There can be no doubt but that the $2,000 referred to in this receipt was the bond and mortgage in question, and inasmuch as there is no evidence to the contrary, it is just to assume that the paper was executed and delivered at the time it bears date.

The bond, mortgage and assignment remained constantly in the custody or control of Alonzo Blackman, from the time they were placed there, as above stated, to the time of the trial, but a change was made by the testator in regard to paying the interest therefrom

to the daughter Frances. On October 29, 1883, a year's interest was paid to her, for which she gave her receipt, and annually thereafter until her father's death interest was paid thereon and receipted for by her.

The testator died in January, 1887, and Alonzo was duly appointed and is acting as the executor of his will.

The foregoing facts are not disputed by the defendant, and are substantially found by the court at Special Term. Upon them the question is presented whether the plaintiff does not own, and have absolute title to, the bond and mortgage so purchased by the testator, and which stands upon the record as assigned to her.

The defendant contends that such bond and mortgage was never given from the testator to this plaintiff, for the reason that the necessary elements to constitute a gift are wanting; that there was neither a delivery by the testator nor an acceptance by the plaintiff. He conceded that the causing it to be assigned to her personally, and directing that such assignment be put on record, would be a sufficient delivery, if it had been done with the intent to vest her with the absolute ownership; but when it appears that the father's intent was that she should have such an interest only as was given her by the trust contained in his will, and that his purpose in having it so assigned and recorded was but to provide for carrying out that trust, he claims such acts do not amount to a delivery, and that no absolute gift can be predicated upon them.

It may be conceded that upon such a state of facts a gift could not be established, and if we consider only the transaction as it occurred prior to October 13, 1883, it may be that the facts established thereby would not warrant the conclusion that a gift or absolute delivery was intended. But, when we take in connection therewith the transaction attending the receipt of that date, a very clear purpose to vest her with the absolute ownership of such bond and mortgage becomes apparent. By its very terms it appears that the testator had then made up his mind to substitute a present gift of $2,000 for the legacy which he had given her in the will. Evidently the trust by the will created was to be no longer operative. That plan was abandoned, and the bounty which she was to receive from her father was given her directly, instead of through the medium of his will. Whatever she then received she took in lieu

of "the legacy and bequest," and such receipt in the hands of his executor was by its terms a complete bar to any claim that she might make that the trust be executed for her benefit. (1 Pom. Eq. Juris. § 564; *Hine* v. *Hine*, 39 Barb. 507; *Langdon* v. *Astor's Executors*, 16 N. Y. 33.)

Such being the case, it certainly ought to be considered strong proof that the $2,000 therein referred to had been delivered to and accepted by her as her own property absolutely. I gather from the case that there is no serious dispute but that the $2,000 referred to in the receipt is the bond and mortgage in question; at least, all the facts in the case point that way, and on the evidence it should be so assumed. The conclusion is, therefore, irresistible that whatever may have been his intentions at the time he took the assignment and had it recorded, he, at the time he took this receipt, agreed with her that henceforth the bond and mortgage then standing in her name on the record, should be deemed absolutely hers, and the receipt given by her should be used as proof that the legacy and trust created for her in the will was satisfied. No meaning or intelligent purpose can be given for his taking such receipt other than that, and no evidence was given on the trial tending to give a different explanation.

Such an arrangement has in itself all the elements necessary to constitute a valid gift. The thing given, being at that time in the absolute control and at the disposal of the donee, the donor recognizes and affirms her control and ownership of it by taking the receipt from her, whereby she surrenders her interest under his will for the property she thus acquires. Such an arrangement amounts to a delivery by him, and an acceptance by her. It is true he might have given the papers over into her possession, and such an act would have been a further evidence of his transfer to her. But the assignment and its record as effectually vested her with the legal title to the mortgage, and deprived him of all control over it, as if he had placed the papers in her hands. His plain recognition of her absolute ownership over it declares his intent as to the effect of recording it as effectually as if he had put the papers into her custody. The donee was given the absolute and full title and control of the bond and mortgage, and nothing more was necessary to complete a valid gift. (*Matter of Crawford*, 113 N. Y. 560.)

Considerable stress is laid by the defendant upon the fact that the testator, after the recording of the assignment, told the plaintiff that she would not have the mortgage unless she had children. It does not appear when this statement was made. I judge from the evidence that it was before the receipt of October 13, 1883, was taken. If it was before, it has no bearing whatever against the conclusion that a change of purpose was had, and the gift was made in exchange for the receipt. An analysis of the other evidence in the case is not needed. None of it is inconsistent with the view above taken, and much of it tends to sustain it, particularly the fact that the defendant procured a discharge of the lien of the legacy upon his farm, from the plaintiff, upon the theory that such legacy had been satisfied and adeemed by the testator in his lifetime.

It is sufficient to say that it appears from the written evidence in the case that such satisfaction of the legacy was made, and that the trust under which he claims to hold this mortgage no longer exists. On the whole evidence there can be no doubt but that this bond and mortgage was the fund with which the legacy was to be satisfied, and, therefore, the title and ownership thereof at the time of the testator's death was in this plaintiff.

The judgment of the Special Term was, therefore, erroneous, and should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the law and facts and a new trial ordered, with costs to abide the event.